**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4100
_____

DAVID WAWRZYNSKI,
Appellant

v.

H.J. HEINZ COMPANY; H.J. HEINZ COMPANY, L.P.; HEINZ GP LLC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 2-11-cv-01098
District Judge: The Honorable Arthur J. Schwab

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 7, 2014

Before: SMITH, VANASKIE, and SHWARTZ, *Circuit Judges*

(Opinion Filed:  July 21, 2014)

_____

OPINION
_____

SMITH, *Circuit Judge.*

David Wawrzynski ("Wawrzynski"), an inventor and business owner residing in Michigan, brought this suit for breach of implied contract and unjust enrichment against H.J. Heinz Company, H.J. Heinz Company, L.P., and Heinz GP LLC (collectively, "Heinz"). The United States District Court for the Western District of Pennsylvania ruled that Wawrzynski's claims were preempted by federal patent law and granted summary judgment to Heinz. The District Court subsequently also granted summary judgment to Heinz on its counterclaim seeking a declaration of non-infringement on a patent owned by Wawrzynski, and entered final judgment in favor of Heinz. For the reasons set forth below, we will vacate the judgment, reverse the District Court's rulings on the summary judgment motions, and remand to the District Court.

In 1997, Wawrzynski was issued Patent No. 5,676,990 for a "Method of Food Article Dipping and Wiping in a Condiment Container" (the "'990 Patent"). *See* Joint Appendix ("J.A.") 299a–303a. The '990 Patent involves a process for dipping and wiping a food article in a specially designed condiment container. The summary of the '990 Patent describes a condiment container composed of a body, a flexible cap, and a tear-away strip attached to the cap. J.A. 299a. When the tear-away strip is removed, a slit is formed in the cap, allowing an article of food to be dipped into the condiment. When the consumer removes the food article from the

container, the slit edges wipe away excess condiment from the food article, thereby reducing the chances that the condiment will drip or spill. *Id.*

Based on ideas contained in the '990 Patent, Wawrzynski developed and marketed an idea for a new condiment packet, which he dubbed the "Little Dipper." Wawrzynski describes the Little Dipper as "a condiment package into which [a consumer] could dip a food article and the top of the container would wipe off any excess condiment back into the container." First Am. Compl. ¶ 33, J.A. 136. Significantly, although Wawrzynski acknowledges that the Little Dipper "evolved" from the process embodied in the '990 Patent, the method protected by the '990 Patent is "separate and distinct" from the Little Dipper. Appellant's Br. 6.

In March 2008, Wawrzynski sent correspondence and promotional materials to several individuals at Heinz in an effort to market the Little Dipper. *See* First Am. Compl. ¶¶ 34–36, J.A. 136a–137a; *see also* J.A. 263a–269a. Wawrzynski met with Heinz representatives in April 2008. According to Wawrzynski, during this meeting he presented to Heinz his idea for a dual-function condiment container that would allow the consumer to either dip food into the condiment or squeeze out the condiment. Appellant's Br. 2, 6. Wawrzynski also claims that during this meeting he presented Heinz with graphic designs of the Little Dipper, suggested that the new dual-function condiment container should have a "catchy name," and

3

discussed his ideas for a promotional campaign to publicize the new condiment container. Appellant's Br. 6.

Wawrzynski asserts that the ideas he presented at this meeting were a major breakthrough for Heinz. He alleges that Heinz had been trying—without success—to develop a new ketchup packet for approximately four years prior to this meeting. Wawrzynski claims that, after his meeting with the company's representatives, Heinz was able to successfully develop a new ketchup packet (called the "Dip & Squeeze") using his packaging and marketing ideas. First Am. Compl. ¶ 47, J.A. 138a. However, Wawrzynski alleges that, although Heinz understood that it would have to pay him if it used his ideas, Heinz failed to compensate him. *Id.* ¶¶ 48–49, J.A. 138a–139a.

Wawrzynski filed suit against Heinz in Michigan state court, alleging claims of (1) breach of implied contract and (2) unjust enrichment, based on Heinz's failure to compensate him for using his ideas and marketing strategies in developing and promoting the Dip & Squeeze. Heinz removed the case to the United States District Court for the Eastern District of Michigan. The Eastern District of Michigan subsequently granted Heinz's motion to transfer venue to the Western District of Pennsylvania.

In September 2011, Heinz brought two counterclaims against Wawrzynski, seeking declaratory relief that (1) the Dip & Squeeze did not infringe on the '990

4

Patent, and (2) the '990 Patent was invalid and unenforceable. In his answer to Heinz's counterclaims, Wawrzynski emphasized that he "does not assert that Heinz infringes on the '990 Patent." J.A. 345-1. Wawrzynski also submitted, as an attachment to his answer to the counterclaims, an executed Covenant Not to Sue in which he "unconditionally and irrevocably covenant[ed] to refrain from making any claim or demand, or from commencing, causing, or permitting to be prosecuted any action in law or equity, against Heinz . . . on account of a cause of action for infringing the '990 Patent based on any of Heinz' current and/or previous product designs . . . ." J.A. 347a.

The District Court granted summary judgment in favor of Heinz on both Wawrzynski's claims and on Heinz's counterclaim for non-infringement. First, on May 16, 2012, the District Court granted Heinz's motion for summary judgment as to Wawrzynski's claims for breach of implied contract and unjust enrichment, concluding that these claims conflicted with federal patent law and thus were preempted. Subsequently, on June 20, 2012, the District Court granted summary judgment in favor of Heinz as to its first counterclaim, awarding a declaratory judgment that Heinz had not infringed on the '990 Patent, and permitted Heinz to withdraw its second counterclaim. The District Court then entered final judgment

in favor of Heinz on June 20, 2012, and closed the case. This timely appeal followed.[1]

Upon reviewing the record before us, we conclude that the District Court erred in concluding that Wawrzynski's claims are preempted by patent law. We also conclude that the District Court erred in granting summary judgment in favor of Heinz as to the counterclaim for a declaration of non-infringement.

First, the District Court erred in granting summary judgment in favor of Heinz as to Wawrzynski's claims for breach of implied contract and unjust enrichment. The basis for the District Court's ruling was its erroneous conclusion that these state law claims conflict with federal patent law and thus are preempted. Federal patent law preempts state law claims to the extent that state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" in enacting the patent laws. *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262 (1979) (citations and internal quotation marks omitted). If a state law claim seeks "patent-like protection to intellectual property inconsistent with the federal scheme," the state law claim is preempted. *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470, 1475 (Fed. Cir. 1998). We disagree with the District

---

[1] Wawrzynski initially appealed to the United States Court of Appeals for the Federal Circuit. On September 6, 2013, the Federal Circuit concluded that it did not have jurisdiction over this appeal and transferred the case to us, pursuant 28 U.S.C. § 1631. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment, viewing the facts in the light most favorable to the non-moving party. *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008).

Court's determination that Wawrzynski "is seeking patent-like remedies for his state law claims" and its conclusion that Wawrzynski's state law claims conflict with federal patent law. J.A. 42a. Wawrzynski brought his suit in Michigan state court, alleging quasi-contract claims for breach of implied contract and unjust enrichment against Heinz. Wawrzynski's complaint does not seek to recover for patent infringement; rather, the complaint requests "[d]amages . . . arising from Defendants' failure to pay Mr. Wawrzynski for his concepts and ideas regarding new condiment packaging and marketing for new condiment packaging," including "incidental damages, consequential damages, lost profits and exemplary damages." J.A. 140a. Because Wawrzynski seeks to recover for the benefit that he allegedly conveyed on Heinz regarding his ideas for the design and marketing of a new condiment container—a benefit beyond the ideas embodied in the '990 Patent— and because his claims are not inconsistent with the federal patent scheme, Wawrzynski's claims are not preempted by patent law. Thus, we will reverse the order of the District Court granting summary judgment in favor of Heinz on the basis of patent preemption.

We also conclude that the District Court erred in granting summary judgment in favor of Heinz as to its counterclaim seeking a declaration of non-infringement on the '990 Patent. Based on its prior holding that Wawrzynski's claims were preempted by patent law, and reasoning that there existed "conflicting

7

evidence" on whether Wawrzynski's claims alleged patent infringement, J.A. 54a, the District Court determined that there existed a viable case or controversy on the issue of patent infringement. As indicated above, however, this premise was flawed. Wawrzynski's complaint does not allege claims for patent infringement. Any lingering doubt on that issue was eliminated when Wawrzynski executed the Covenant Not to Sue, in which he unconditionally and irrevocably disclaimed any argument or claim that Heinz had infringed on the '990 Patent. *See* J.A. 347a. In light of these facts, there is no case or controversy on the issue of patent infringement, and thus the District Court did not have subject-matter jurisdiction to rule on Heinz's counterclaim seeking a declaration of non-infringement. *See Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1345–48 (Fed Cir. 2010); *see also Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726–29 (2013). Accordingly, we will reverse the order of the District Court granting summary judgment to Heinz on its counterclaim seeking a declaratory judgment as to non-infringement and direct that the District Court dismiss this counterclaim.

For the reasons set forth above, we will vacate the judgment entered in favor of Heinz, reverse the orders of the District Court granting summary judgment to Heinz, and remand this matter for further proceedings.